LOUIS N. LARSH *vs.* SAMUEL H. MANIAN.

JOHN F. LARSH, *p. a., vs.* SAME.

NOVEMBER 6, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker, JJ.

BAKER, J. These two actions of trespass on the case for negligence were tried together in the superior court by a jury which returned a verdict for the defendant in each case. Each plaintiff thereupon filed a motion for a new trial. These motions were denied by the trial justice and the cases, after bills of exceptions had been duly filed, are now before this court on the single exception of the plaintiff in each case to the above ruling of the trial justice.

The case brought by the minor, by next friend, is to recover for personal injuries claimed by such minor to have been suffered by him solely by reason of the defendant's alleged negligence. The other case brought by the minor's father seeks to recover certain costs and expenses to which the latter was subjected by reason of the injuries to his son. Hereinafter when we use the term plaintiff we shall refer to the minor.

The evidence discloses that the occurence which brought about the plaintiff's injuries happened in the town of North Smithfield in this state shortly after 5 o'clock, p. m. on December 2, 1936. The plaintiff, who was then twenty years of age and who was employed in a mill located in that town, left said mill on that day about 5 o'clock, p. m. in his automobile to go to his home. At that time it was dark and misty and the weather was cold. It had previously been raining. Soon after leaving the mill the plaintiff, driving his automobile, came to a long, rather steep downgrade on the road upon which he was proceeding toward his home. When part of the way down this hill, the roadway of which was very slippery owing to the weather conditions prevailing at the time, the plaintiff's automobile crossed the road to its left side in the direction in which the plaintiff was proceeding and, with considerable force, struck a pole which was back a short distance from the traveled portion of the highway on that side. The impact demolished the plaintiff's car and seriously injured him.

The evidence as to how this accident took place is in irreconcilable conflict. The plaintiff's testimony in substance was that when he reached the brow of the hill in question he was proceeding on his right side of the road at a speed of about twenty miles per hour; that before descending the hill he reduced his speed and put his automobile into second gear; that at this time all the lights of his car were on; that after he had gone a short distance down the hill he saw in his mirror the headlights of an automobile coming up behind him at a rapid rate; that this car was swaying from side to side on the road; that he drove over to his right side of the highway as far as possible but that the other car ran into the rear of his automobile, causing it to spin and slide across the road toward the left into the pole hereinbefore mentioned; that his next recollection was of the operating room in the Woonsocket Hospital; and that he was unable to identify the other car or its driver. Other

evidence in the case showed that after the accident the plaintiff's automobile was twisted around the said pole, was pointing up the hill, and that the rear end of the car projected at a slight angle toward the highway.

A witness for the plaintiff testified that he was driving an automobile up the hill in question at about 5 o'clock, p. m. on December 2, 1936, and he described the happening of an accident substantially similar to that described by the plaintiff. This witness, however, did not identify either the plaintiff or the defendant as the participants in the occurrence which the witness claimed he had seen. No other witness in the case placed this witness at the scene of the accident at or immediately after it happened.

Evidence was also submitted on behalf of the plaintiff to the effect that there was a red stain on the rim of the left rear taillight and on the left rear bumper of the plaintiff's car, and that the defendant's automobile was of a red or maroon color. In addition, it appeared in evidence that the defendant went to the Woonsocket Hospital soon after the accident to see the plaintiff, and then went to his parents' home and talked with his mother, saying, among other things: "I am Mr. Manian. I am the man who struck John." The making of such a statement was not denied by the defendant, but was later explained by him as hereinafter set out.

On the other hand, the defendant's contention is that the accident to the plaintiff took place before the defendant arrived at the hill in question; that he had no part in causing such accident and was not present when it happened. The defendant testified in substance that he also worked at the mill hereinbefore referred to; that he left there in his automobile soon after 5 o'clock, p. m. on the day in question and followed the same route as the plaintiff did; that when he reached the brow of the hill he was proceeding on the proper side of the highway at a speed of about fifteen

miles per hour; that no car was immediately in front of him; that on starting down the hill he noticed the headlights of an automobile part way down the hill on his right and pointing toward him; that almost at once his car began to skid and went out of control; that it turned around in a wide swing and continued down the hill backwards; that it kept swinging around and the right rear mudguard scraped against something which was near the left side of the road in the direction in which he was going; that his automobile continued to skid and turn and finally stopped against a board fence part way down the hill on his right.

The defendant further testified that he then got out of his automobile and almost at once his attention was directed by voices to the plaintiff's car, which he noticed for the first time to be resting against a pole on the other side of the road; that he also noticed near his own car, after it had stopped, and a short distance above it, another automobile containing two women, and that this car was headed up the hill near the board fence; and that he crossed the highway and, with others, helped extricate the plaintiff, who was taken away in a small truck, which was nearby on the same side of the hill as was the defendant's car.

The defendant also offered as witnesses on his behalf four persons who apparently had little or no interest in the present case. They were the driver of the small truck, the two women hereinbefore referred to, and the driver of another automobile which apparently had succeeded in reaching the foot of the hill without accident. These witnesses corroborated, in the main, the defendant's testimony as to what he said had occurred on the hill on the afternoon in question, and in particular the defendant's testimony that when he came down the hill the plaintiff's car was already jammed against the pole hereinbefore mentioned. In regard to the conversation between the plaintiff's mother and the defendant, the latter testified that they did talk at the plaintiff's

home about the accident and stated: "I don't remember the exact words. I wanted to let her know I was the man involved in the affair, at least one of them." Q. "It was a fact you had bumped into his car?" A. "Yes."

It is obvious that the determination of these cases turns upon the view taken, by the triers of the facts, of the sharply conflicting evidence. Each party has attacked the reasonableness and probability of the other party's evidence and the credibility of his witnesses. In such a situation the advantage of seeing and hearing the witnesses testify is of great aid in weighing their testimony and in deciding where the truth lies. We do not have that advantage, but the jury and the trial justice did have it. The jury returned a verdict for the defendant in each of these cases, and those verdicts have been upheld by the trial justice.

On an exception to the decision of the trial justice under such circumstances, the rule which governs our conduct is too well settled to require extensive citation of authority. When his decision is made upon conflicting evidence, as here, it is of great persuasive force with this court and will not ordinarily be disturbed unless it appears that in making such decision he has misconceived or overlooked evidence, or that his determination upon the weight of the evidence is clearly wrong. *Surmeian* v. *Simons*, 42 R. I. 334.

In the instant cases it is not contended that the trial justice misconceived or overlooked any evidence. The plaintiffs urge, however, that the verdicts are against the evidence and the weight thereof, and that the trial justice, therefore, should have granted their motions. We have examined the evidence submitted in these cases and, while certain aspects thereof may lend themselves reasonably to different interpretations, we are of the opinion, upon consideration, that we cannot say that the trial justice was clearly wrong in denying the plaintiffs' motions for new trials.

The exception of the plaintiff in each case is overruled, and each case is remitted to the superior court for the entry of judgment on the verdict.

*Ambrose Kennedy, James T. Greene,* for plaintiffs.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, Benjamin R. Sturges,* for defendant.